UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

- against –

OSCAR CENTENO,

Defendant.

---

10-CR-607

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)



**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On January 24, 2011, Oscar Centeno pled guilty to a lesser-included offense contained within Count One of a single-count indictment. The indictment charged that in or about and between January 2010 and August 2010, within the Eastern District of New York and elsewhere, Centeno and his codefendants, together with others, knowingly and intentionally conspired to distribute and possess, with intent to distribute, cocaine and cocaine base. *See* 21 U.S.C. § 846; *see also id.* §§ 841(b)(1)(A)(ii), 841(b)(1)(A)(iii).

Centeno was sentenced on November 7, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be 29 and defendant's criminal history category to be category I, yielding a Guidelines range of imprisonment of between eighty-seven and one hundred and eight months. The defendant is eligible for the safety valve, *see* 18 U.S.C. § 3553(f), so no mandatory minimum is applicable. The offense carries a maximum term of imprisonment of 40 years. 21 U.S.C. § 841(b)(1)(B).

Centeno was sentenced to six months' imprisonment and to five years of supervised release. A special assessment of $100 was imposed. No fine was ordered.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-Guidelines sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense[s] and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The offense to which Centeno pled guilty is a serious one. Defendant supplied one of his codefendants with narcotics and helped to prepare the drugs for sale. Other factors, however, support the imposition of a non-Guidelines sentence. Defendant has accepted responsibility for his crime. He has a close relationship with many members of his family, and they are extremely supportive of him. Defendant is in a long-term relationship and recently became the father of a baby girl. Defendant volunteers each week in New Jersey, teaching children how to produce music using computers. He has been worked as a truck driver; presently, he is employed delivering and installing office furniture. His current employer speaks highly of him. A sentence of 6 months' imprisonment, in conjunction with the lengthy term of supervised release imposed, reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: specific and general deterrence. General deterrence is effectuated by term of imprisonment ordered. The sentence will send a clear message that the conspiracy to distribute illegal narcotics will result in punishment. Specific deterrence is achieved through the term of imprisonment ordered, as well as the term of supervised release required. The court hopes that the defendant will abstain from further criminal activity in light of his family ties, especially the recent birth of his daughter, and his regret for his past misdeed.

Jack B. Weinstein
Senior United States District Judge

Dated: November 8, 2011
Brooklyn, New York

3